**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DM OPERATIONS, INC.,<br><br>                    Plaintiff,<br><br>       vs.<br><br>AIRTHINGS AMERICA, INC.<br><br>                    Defendant. | Civ. Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff DM Operations, Inc. ("DMO" or "Plaintiff"), by and through its attorneys Davis & Gilbert LLP, for its complaint against Airthings America, Inc. ("Airthings" or "Defendant"), alleges on knowledge as to its own acts and otherwise on information and belief:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.  Diversity of citizenship exists because Plaintiff is a citizen of New York, and Defendant is a citizen of Massachusetts.

2. The Court has personal jurisdiction over Defendant because Defendant irrevocably consented and submitted to the jurisdiction of state or federal courts located in the city of New York, New York.  The Court also has personal jurisdiction over Defendant because it has engaged in material breaches of contract, as described more specifically below, which have caused and continue to cause injury to Plaintiff within New York and this district.

3. Venue is proper in this Court because the parties have submitted to venue in this judicial district in the city of New York pursuant to a forum selection clause contained in the written agreement that is the subject of this action.

## THE PARTIES

4. At all times mentioned herein, plaintiff DM Operations, Inc. was and is a New York corporation with its principal place of business initially in Staten Island, New York and then and presently in Nyack, New York.

5. At all times mentioned herein, defendant Airthings America, Inc. was and is a Delaware corporation with its principal place of business at 9 Main Street, Ste. 2-F, Sutton, Massachusetts.

## GENERAL ALLEGATIONS

6. Doctor Mikhail Varshavski is an American family medicine physician, YouTuber, internet personality, philanthropist, and professional boxer who is commonly known as "Dr. Mike."  Dr. Varshavski's YouTube channel has over 14 million subscribers on which he posts medically themed entertainment videos and debunks false medical claims.  Dr. Varshavski conducts some of his business operations through DMO and is the Chief Executive Officer of DMO.

7. Airthings is a tech company that develops products to detect in-home air safety.

8. In or about November 2024, representatives for DMO for the services of Dr. Varshavski, on the one hand, and representatives for Airthings, on the other hand, began discussing an agreement pursuant to which Dr. Varshavski would include an advertisement for Airthings in an online video regarding air quality.

9. By the spring of 2025, the material terms of the deal were extensively negotiated, agreed upon orally, and confirmed in a written agreement entitled "YouTube Agreement" dated as of March 20, 2025 (the "Agreement").  A

true and correct copy of the Agreement with business registration number information redacted is attached hereto as Exhibit 1 and incorporated herein by this reference.

10. Manifesting that the parties had a meeting of the minds, on or about March 25, 2025, David Pomfret, Airthings' Head of Digital Growth who had been negotiating the Agreement on behalf of Airthings, emailed an execution copy of the Agreement to DMO's representatives for DMO's execution for the services of Dr. Varshavski.

11. At no time during the parties' negotiations did Airthings state or otherwise suggest that any "internal authorization" of the Agreement was required or that Mr. Pomfret was not authorized to enter into a binding agreement on behalf of Airthings. At no time during the parties' negotiations did Airthings express any reservation of rights with regard to the Agreement, nor did the Agreement contain any provision that required Airthings' signature. On the contrary, the Agreement expressly required Airthings to pay DMO 50% of the Agreement's fee of $110,000 (i.e., $55,000) upon *DMO's* execution.

12. On or about April 1, 2025, Dr. Varshavski, for DMO, executed the Agreement, creating a binding agreement between the parties, and his attorney emailed it to Mr. Pomfret at Airthings.

13. Airthings subsequently failed and refused to pay DMO the $55,000 upon DMO's execution, despite the express language of the Agreement.

14. On April 23, 2025, almost one month after Airthings sent the execution copy of the Agreement to DMO for execution, Mr. Pomfret informed DMO, "Since your team signed the contract, there's been a leadership change on our side, which has temporarily paused internal sign-off," thereby demonstrating an anticipatory breach and wrongful repudiation of the Agreement, relieving DMO

from any obligation of future performance under the Agreement and entitling DMO to payment of the entire fee due under the Agreement.

15. Despite repeated demands by DMO that Airthings abide by the Agreement and pay DMO, Airthings has failed and refused to honor the Agreement, thereby leaving DMO with no choice but to bring this action.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

16. DMO realleges and incorporates paragraphs 1 thru 15 above, as if fully set forth herein.

17. The Agreement is a valid and enforceable contract between DMO, on the one hand, and Airthings, on the other hand.

18. DMO has performed all material conditions that it was obligated to perform by it pursuant to the Agreement, except insofar as the same were excused or prevented by Airthings' wrongful repudiation of the Agreement.

19. Airthings has breached the Agreement by failing and refusing to perform its promise to pay DMO $110,000.

20. As a direct and foreseeable result of Airthings' breach of the Agreement, DMO has been damaged in an amount to be determined at trial, but in excess of $75,000.

## PRAYER FOR RELIEF

WHEREFORE, DMO prays for judgment against Airthings as follows:

  1. For actual and compensatory damages in an amount to be determined according to proof at trial;

  2. For costs of suit;

  3. For prejudgment interest according to law; and

  4. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

DMO hereby demands a trial by jury on all issues so triable.

Dated: October 15, 2025    Respectfully Submitted,

             */s/ Marc J. Rachman*
             Marc J. Rachman
             DAVIS & GILBERT LLP
             1675 Broadway
             New York, NY 10019
             mrachman@dglaw.com
             *Attorneys for Plaintiff*